UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

GERALD ADGER,

        Petitioner,

    -v-                                            Case # 19-CV-6743-FPG
                                                          DECISION AND ORDER

T. MCARTHY,

        Respondent.
───────────────────────────────────

## INTRODUCTION

*Pro se* Petitioner Gerald Adger petitions for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to set aside a judgment of conviction entered in Monroe County Court, State of New York in 2009. ECF No. 1; ECF No. 13 ("SR") at pp. 4-5.[1] Adger was convicted upon a plea of guilty to Aggravated Harassment of an Employee by an Inmate (N.Y. Penal Law § 240.32) and sentenced to an indeterminate prison term of two to four years, to run consecutively to the term of imprisonment he was already serving. SR at pp. 3-6. Adger has since been released from his incarceration. ECF No. 15. Adger claims that the County Court should have conducted a competency hearing before accepting his guilty plea on May 18, 2009. ECF No. 1, ¶ 12. Respondent contends that the Petition should be denied because (1) it was not filed timely, *see* 28 U.S.C. § 2244(d)(1), and (2) Adger did not exhaust his state judicial remedies but, in any event, his sole claim is without merit and should be denied, *see id.* § 2254(b)(2). ECF No. 12. For the following reasons, Adger's request for habeas relief is DENIED, and the Petition is DISMISSED. Because the Petition is time-barred, the Court need not reach Respondent's other arguments.

───────────

[1] "SR" refers to the State Court Record of the underlying criminal proceedings submitted by counsel for Respondent as directed by the Court.

1

**BACKGROUND**

**A. Plea and Sentence**

On May 18, 2009, Adger appeared with counsel before the Honorable Mark H. Dadd, Wyoming County Court, and was arraigned on an indictment charging him with Aggravated Harassment of an Employee by an Inmate. At this same appearance, Adger pleaded guilty to that charge with an agreed upon sentence of two to four years to run consecutive to the sentence he was currently serving on a first degree rape conviction entered in Monroe County Court on or about July 26, 2005. The plea included a waiver of the right to appeal. Adger also waived his right to be present at sentencing, which was scheduled for July 16, 2009. SR at 4-5; 6-16.

Adger's counsel confirmed with the Court that he had the opportunity to speak with Adger before the court appearance and had discussed Adger's "mental health diagnosis." *Id.* at 7-8. Counsel stated he was "persuaded that [Adger] understands the proceedings and has the capacity to participate in his defense, [and] that [Adger] is inclined to accept the plea bargain" offered by the prosecution. *Id.* at 8. Adger was asked if he understood the proposed plea and if he had enough time to speak with his attorney regarding the plea. He answered in the affirmative. *Id.* at 10. Adger also acknowledged that no one had pressured or forced him to accept the plea. *Id.* Judge Dadd then proceeded to explain Adger's constitutional rights and Adger stated that he understood them and wished to proceed with the plea. *Id.* at 10-11. With respect to the waiver of the right to appeal, the Court explained that Adger was waiving his right to appeal and that any appeal to the conviction would be limited to "issues such as challenging the court's jurisdiction or claiming that he had not received a speedy trial." *Id.* at 9-10. Adger then admitted to the underlying facts of the indictment—namely, that on February 11, 2009, while he was an inmate at the Attica Correctional Facility, he threw urine and feces at a correctional employee in order to harass, annoy, threaten or

alarm the employee. *Id*. at 11-14. Adger also admitted that he previously had been convicted of first degree rape on July 26, 2005. The County Court then accepted the plea. *Id.* at 14.

Prior to the Court accepting the plea, Adger asked the Court to order that he not be returned to the correctional facility where the incident occurred because he feared reprisals. The Court stated it could not order such relief; but someone by the name of "Mr. Dixon" stated on the record that he would arrange for Adger to be relocated to another prison as soon as possible and returned to the Greenhaven Correctional Facility, where he had been serving his prior sentence. Adger asked if it could be done that day and Mr. Dixon stated he could not promise that, but he would do his best. SR at 12-13.

On July 16, 2009, Adger, who was not present, was sentenced as a second felony offender to two to four years to run consecutive with the sentence he was already serving on the first degree rape conviction.[2] *Id.* at 3-5.

### B. Post-Conviction Motion for Resentencing and Motion to File Late Notice of Appeal

1. Motion for Resentencing

On or about April 4, 2018, almost nine years after Adger was sentenced on the conviction challenged herein, he filed *pro se* a state court motion for resentencing under N.Y. Crim. Proc. Law, § 440.46. SR 200-203. He claimed that, as a defendant who was serving an indeterminate sentence with a maximum of more than three years, he could apply to be resentenced to a determinate sentence in accordance with N.Y. Penal Law, §§ 60.94 and 70.70. *Id.* The motion was denied because N.Y. Crim. Proc. Law, § 440.46 is reserved for drug offenders who are serving an indeterminate sentence as a result of a conviction of a "class B felony offense defined in article

---

[2] Petitioner had been sentenced on the prior rape conviction to a determinate 14-year prison term. http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130.

Case 6:19-cv-06743-FPG   Document 18   Filed 07/09/20   Page 4 of 9

two hundred of the penal law." SR. 212. Adger was not serving a sentence for a conviction of a Class B felony drug offense and, therefore, was not eligible to be resentenced under the statute. *Id.* at 212-213.

    2. <u>Motion for Extension of Time for Taking Appeal</u>

On or about February 22, 2019, Adger filed a motion under N.Y. Crim. Proc. Law, § 460.30 to extend the time to take an appeal. SR 167-197, 198. He claimed his failure to file a timely notice of appeal "resulted from unexperience [sic] with the law," *id.* at 167-168, and that his counsel never explained the notice of appeal process to him and never contacted him regarding whether he wished to file a notice of appeal, *id.* at 171. While the motion is rather convoluted, it appears that Adger raised three potential grounds for appellate review. First, he claimed he should not have been sentenced as a second felony offender because, at the time of sentencing, his appeal from the rape conviction had not been perfected due to an error of the court clerk in recording the date of judgment. He acknowledged that the appeal was subsequently perfected, and the conviction affirmed but that the rape conviction was affirmed but argued that appellate counsel did not raise the issues Adger wished him to raise. SR at 172-176. Second, he claimed that the sentence on the offense at issue was harsh and excessive because (1) the two sentences merged, rendering the sentence on the offense at issue harsh, and (2) the two sentences were improperly aggregated since the sentence on the prior rape conviction was determinate whereas the sentence on the offense at issue was indeterminate. SR at 176-178. Lastly, he claimed that the County Court should not have accepted the plea of guilty because the only evidence of the offense was photographs of the thrown feces and urine taken after the fact, and there was no video or audio tape of the incident. *Id.* at 177.

On April 30, 2019, the motion for an extension of time to take an appeal was dismissed by the Appellate Division, Fourth Department it as untimely. SR. at 198.[3] Adger's application for leave to appeal to the Court of Appeals of New York was dismissed on July 15, 2019. SR at 200; *People v. Adger*, 33 N.Y. 3d 101 (2019).

### C. The Petition

The Petition, liberally construed, alleges that the conviction is unconstitutional because the County Court failed to conduct a competency hearing before accepting Adger's plea of guilty to the indictment despite having evidence of Adger's mental health issues before it during the plea proceedings. ECF No. 1 ¶ 12. Adger claims that he was in a "special" mental health treatment program at the time of the offense because he was schizophrenic; that he had been hospitalized for psychiatric illness in the past; and that he exhibited symptoms of a psychiatric illness in February 2006 because his "pupils does [sic] not display to time or day, pin point pupils . . . ." *Id.* ¶ 12, and pp. 16-18 (attachment).

## DISCUSSION

Respondent asserts that the Petition is untimely because it was filed nine years after the statute limitations expired. ECF No. 12 at 10-11. According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] N.Y. Crim. Proc. L., § 460.30(1) provides that an application to file a late notice of appeal must be made no more than one year after the time for taking an appeal expired.

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Adger did not file a timely notice of appeal, his conviction became final for purposes of § 2244(d)(1)(A) on the last day he could have filed a notice of appeal; *i.e.*, 30 days after imposition of sentence. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (petitioner's state court judgment became "final" when the 30-day period for filing a notice of appeal from his judgment of conviction expired); *Walker v. McLaughlin*, 04-CV-6172, 2008 WL 941719, at *2 (W.D.N.Y. April 4, 2008). Adger was sentenced on July 16, 2009, SR 3, 5, and therefore his conviction became final 30 days later on August 17, 2009. The one year statute of limitation expired on August 17, 2010 and Adger did not file the Petition until October 2, 2019. ECF No. 1 at 15. The Petition is thus untimely.

Furthermore, there is no basis that would justify tolling of the statute of limitations. While Adger filed a state court post-conviction motion for resentencing, it did not serve to toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) because it was not filed until April 2018, well after the statute of limitations expired. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (per curiam) (AEDPA's tolling provision does not reset date from which the one-year limitations periods begins to run); *see, e.g.*, *Youngblood v. Greiner*, No. 00 CIV. 7984, 2003 WL 145546, at *2 n.3 (S.D.N.Y. Jan.21, 2003) ( "*Smith v. McGinnis* . . . made clear that the limitations period does not begin anew after collateral relief is pursued") (italics added)); *Rashid v. Khulmann*, 991

F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. . . .")  The only other motion filed was to extend the time to take an appeal but that was not filed until 2019, again, well after the statute of limitations expired.

Further, Adger has not established that he is entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 648 (2010)*; Smith*, 208 F.3d at 17.  To qualify for equitable tolling, the petitioner must establish that "'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'"  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith*, 208 F.3d at 17).  Whether a petitioner's circumstances are "extraordinary" does not focus on "the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'"  *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010) (quotation omitted).

Adger has not established any rare and exceptional circumstances justifying equitable tolling, nor has he shown, in any way, that he diligently pursued his rights throughout the entire eight plus years he seeks to toll.  He did not take any steps to pursue an appeal until 2019, when he filed his motion to extend the time to take an appeal.  His Petition indicates only that he did not recall his attorney ever meeting with him or contacting him about filing a notice of appeal, ECF No. 1, at 16.  "Attorney error does not normally justify equitable tolling; in order to toll the AEDPA limitation period 'an attorney's behavior must be so outrageous or so incompetent as to render it extraordinary.'"  *McPhee v. Griffin*, No. 13-cv-4660 (PKC), 2014 WL 5427667 at *3 (E.D.N.Y. Oct. 23, 2014) (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)).  While

7

counsel's failure to file a "requested notice of appeal [may] serve as possible grounds for a claim for ineffective assistance of counsel; it does not provide grounds for tolling the statute of limitations." *Id.*

Even liberally construing the Petition as setting forth a claim that that his mental illness at the time of the plea prevented him from timely filing the Petition, Adger fails to demonstrate that his mental illness entitles him to equitable tolling. "The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the [petitioner]; in order to carry this burden, []he must offer a 'particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of her rights.'" *Bolarinwa*, 593 F.3d at 232 (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). "Therefore, in order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite h[is] diligent efforts to do so." *Id.* Not only has Adger failed in any way to demonstrate his mental illness or disability was an extraordinary circumstance preventing him or limiting his ability to timely file the Petition, he offers nothing to show that he diligently pursued his rights during the entire time he seeks to toll herein. He also fails to demonstrate any causal connection between his alleged lack of competency at the time of his plea and his failure to timely file the Petition. *See, e.g.*, *Green v. Sheehan*, No. 1:12–CV–0665(MAT), 2014 WL 338832, at * 5 (W.D.N.Y. Jan. 30, 2014) ("Without demonstrating that he was mentally incapacitated during the actual limitations period, Green is unable to establish that his mental condition was causally related to his failure to file his petition on time.").

Lastly, to the extent Adger makes a claim of actual innocence, it cannot be sustained. A claim of actual innocence must be both "credible"–*i.e.*, it must be "supported by new reliable evidence . . . that was not presented at trial," *Rivas v. Fischer*, 687 F.3d 514, 540 (2012), and "compelling"–*i.e.*, "more likely than not any reasonable juror would have reasonable doubt[,]" *id*. Adger submits only that he was enrolled in a special mental health treatment program at the time of the incident. During his plea he admitted to the underlying facts of the offense charged.

In short, the Petition is untimely and must be dismissed.

## CONCLUSION

Adger's request for habeas relief is DENIED and his Petition (ECF No. 1) is DISMISSED. Because Adger has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. The Clerk of Court shall enter judgment and close the case.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Adger must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: July 9, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court